IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:20-cr-205 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| CHELSEA LYNN GLESS, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

## I.     **Introduction**

The defendant defrauded at least 71 clients of her business, Royal Metals Group, out of nearly $3 million dollars over the course of approximately four years. Her actions caused sleepless nights for victims and endless frustration to those trying to get their money or precious metals back from the defendant. She caused enormous financial losses, but perhaps the biggest tragedy in this case is the defendant could have stopped the fraud. Chelsea Gless knew she was in over her head. She knew lenders were taking money directly out of Royal Metals Group accounts. Yet, she continued to take money and metals from customers and used the funds to pay other customers or pay her personal expenses. Chelsea Gless had the power to stop the manipulation but she continued to lie and lie over and over again until there were no more metals or money – leaving the victims high and dry.

## II.     **The Offense**

As discussed at length in the PSR, over a period of about four years, the defendant took clients' money and metals and used the funds to pay back other clients or pay for personal expenditures. The defendant made false

representation after false representation to clients and financial advisors to perpetuate and conceal her scheme. Gless provided victims false mail tracking numbers, bad checks, unsigned checks, false money transfer numbers and absurd excuses. Her actions were financially and emotionally devastating to the victims.

### III.   The PSR

The government has no objection to the Sentencing Guideline calculation. As set forth in the final PSR, the **base offense level is 7** for the offense of conviction pursuant to U.S.S.G. §2B1.1(a)(1). The offense level is **increased by 16 levels** pursuant to §2B1.1(b)(1)(I) because the amount of loss attributable to the crime of conviction and any relevant conduct is more than $1,500,000 but less than $3,500,000. The offense level is also **increased by 2 levels** pursuant to §2B1.1(b)(2)(A) because the offense resulted in substantial financial hardship to one or more victims. Additionally, a **2 - level increase** is appropriate under §3B1.3 as the defendant abused a position of trust. With **three levels of acceptance of responsibility** deducted, the defendant's advisory guideline calculation is **51 – 63 months' imprisonment**.

#### A. Abuse of Trust

"If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by [two] levels…" USSG §3B1.3. Comment note 1 to the guideline notes, "'Public or private trust' refers to a position of public or private trust characterized by professional or managerial discretion (i.e. substantial discretionary

judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. For this adjustment to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense (e.g., by making the detection of the offense or the defendant's responsibility for the offense more difficult)…"

The government has the burden of proving two elements of this sentencing enhancement by a preponderance of the evidence – 1) the defendant occupied a position of public or private trust, and 2) the defendant used the position "in a manner that significantly facilitated the commission or concealment of the offense." USSG §3B1.3, *United States v. Walker*, 818 F.3d 416, 423 (8th Cir.2016). "The abuse of trust enhancement applies only where the offender has abused discretionary authority entrusted to the defendant by the victim." *United States v. Espejo*, 2017 WL 4873498 (October 27, 2017).

As detailed in the PSR, Gless was the manager and part-owner of Royal Metals Group. Her name appears on Royal Metal bank accounts and she was the signatory on the accounts. The defendant's name appears on email and other correspondence with all victims and their financial advisors. Chelsea Gless was running the business and she was in charge. She had the control to run Royal Metal Group, and with that control and lack of oversight from anyone else, she was able to conceal her fraud. Individuals trusted her with their money and metals to be invested appropriately,

3

she violated that trust by taking their money and not providing the metals, as she promised. *United States v. Rodd*, 790 F.3d 873 (8th Cir.2015), is similar in nature to the present case. Rodd was a self-employed investment advisor, and subject to no oversight except by his investors. Rodd solicited money from investors and he had discretion and control over investor funds. Gless was in complete control of investor metals and funds and had the discretion to do as she wished, once they were in her possession. She violated the trust put in her by investors and financial advisors by not providing money or metals as promised and easily covered up her crimes because she was in charge. The enhancement is appropriate.

### B. Restitution

For the Court's convenience, the government has complied a list of victims to include names, addresses, and amount of restitution owed. The defendant has this information, as it was contained in discovery. This list will be admitted to the Court at the time of sentencing as **government's sealed exhibit 1**.

The restitution amount defendant owes the victims is very high, but this does not support a lower sentence of imprisonment for Defendant. Placing too much weight on a defendant's ability to make restitution immediately works to "differentiate criminal defendants on the basis of their economic resources, which is clearly contrary to the intent of the sentencing guidelines." *United States v. O'Malley*, 364 F.3d 974, 981 (8th Cir.2004).

IV.    **The Appropriate Sentence in Light of 18 U.S.C. § 3553(a)**

     **A. The Defendant Devastated the Victims**

The defendant devastated her victims. Her sentence should reflect this fact. Although each victim's story is unique, across the board, two consistent themes emerge. First, is the deep sense of shame and embarrassment that so many victims have expressed. They feel they are somehow to blame for trusting Chelsea Gless. Second is the acute loss of security and loss of opportunity they have experienced.

The following are just a sample of the victims that Gless defrauded.[1]

**Victim E.M.'s children on behalf of E.M.** (E.M. passed in October 2020) – *The impact on E.M., a widow at the time, was both financial and, perhaps equally damaging, emotional. At a time when she was preparing to move from her home in Florida to an assisted living facility in Massachusetts the loss of $34,000 was an extreme financial hardship…Being cheated of $34,000 significantly impacted on her savings and investments, raising serious financial questions related to her ability to pay for assisted living over the long-term…Emotionally, for the final two years of her life, E.M. felt ashamed and embarrassed for, as she perceived it, enabling Chelsea Gless to steal $34,000 from her. Despite continued assurances, E. somehow blamed her own trusting nature…The impact of the actions of Chelsea Gless left an emotional wound on E.M. that festered until the day she died…*

---

[1] The information set forth related to the victims is taken from correspondence received from the victims and/or from interviews with the victims. This information has been provided to defendant in redacted format.

**Victim C.E.** – *I invested my entire retirement fund from my employer, $260,326.20, with Royal Metal Groups. However the actual coins I purchased never made it to my IRA account and I have received nothing except a run around from them ever since that time…I am a very quiet, non-confrontational person. Just the thought of contacting the FBI was so stressful to me that my daughter had to step in and do the contact for me. The next year was a continuing strain on me of FBI calls, emails, and letters, and none of it gave me any hope that I would see my hard earned retirement earnings again.*

**Victim D.C.** – *If I had the money [$43,000] that Chelsea Gless swindled from me I could replace my whole roof on my house not just fix the area that is damaged. If I had that money I could get new hearing aids, as only one works. If I had that money I could get a better pickup as mine is 13 years old and very rusty…Chelsea Gless robbed me of my financial security that I saved for all those years.*

**Victim J.T.** – *I live on a fixed income. The precious metals I purchased from Royal Metals Group, i.e. Chelsea Gless, was intended as a future safety net for my three young grandchildren…This money would have been able to help my grandchildren's education or careers…It has denied me the pleasure to bestow this blessing on them…*

**Victim M.K.** – *$18,000 may not sound like a lot of money to some people. But for a widow on a fixed income with several health issues it is a lot. I worked until I was almost 69 years and couldn't anymore physically or mentally. I have always*

*feared I would run out of money. My deceased husband thought he was leaving me*

*financially secure, when he died of cancer. The $18,000 was 10% of his 401k...*

## B. Nature, Circumstances, and Seriousness of the Offense

Section 3553(a)(1) and (a)(2)(A) require this Court's sentence reflect the nature, circumstances, and seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment.

The amount of money involved in this scheme is significant. The defendant obtained nearly $3 million dollars from investors over a span of four years. The ease in which the defendant lied to victims is unsettling. The length of time this fraud went on is also troubling to the government.

Without the defendant's timely plea of guilty, the government would not hesitate to recommend a top of the guideline sentence, or even an upward variance, as these facts are egregious. But, looking at the specific circumstances of this case, the government does believe a middle of the guideline sentence of imprisonment is reasonable in this case.

## C. Specific Deterrence

The Court must also enter a sentence that "will protect the public from further crimes of the defendant." 18 U.S.C. 3553(a)(2)(C). The defendant systematically stole nearly $3 million from over 70 people. She left a trail of destruction for the victims. Defendant is a first-time offender in name only. Her fraudulent course of conduct took place over years and involved hundreds of

individual transactions. The ease and willingness in which defendant lied to victims over a long period of time is troubling.

### D. General Deterrence

In determining the appropriate sentence, the Court must consider the need for the sentence "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The sentence the defendant receives should send a message to other similarly-situated individuals who contemplate committing such a fraud. A guideline sentence would send a strong message: if you abuse the trust placed in you by others, if you lie and mislead to steal their money, you will face a long prison sentence.

## V.    Conclusion

The defendant should be sentenced to a guideline term of imprisonment. The government also requests the Court order restitution to victims as detailed in Sealed Exhibit 1.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By:  */s/ Rachel J. Scherle*
Rachel J. Scherle
Assistant United States Attorney
United States Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309-2053
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Rachel.scherle@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

____ U.S. Mail  ____ Fax  ____ Hand Delivery

_X_ ECF/Electronic filing  __ Other means (email)

UNITED STATES ATTORNEY

By:  /s/ Carla Ralph
     Paralegal Specialist